833 F.2d 1006
 56 USLW 2348
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis R. WATERMAN, Plaintiff-Appellee,
v.
ALTA VERDE INDUSTRIES, INC., Miller Finance Company, Inc.,
A. Leon Miller, Jr., Kay Carr Miller, A. Leon
Miller, III, Defendants-Appellants.
and
Michael W. Calley, American Accredit Corporation, Defendants.
Curtis R. WATERMAN, Plaintiff-Appellant,
v.
ALTA VERDE INDUSTRIES, INC., Miller Finance Company, Inc.,
A. Leon Miller, Jr., Kay Carr Miller, A. Leon
Miller, III, Defendants-Appellees,
and
Michael W. Calley, American Accredit Corporation, Defendants.
 No. 87-1505, 87-1515.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1987.
Decided: Nov. 17, 1987.
 
 Thomas A. Harwood, Sr. (Harwood & Dulin on brief) for appellants.
 Michael Terry Medford (Manning, Fulton & Skinner on brief) for appellee.
 (Eugene J. Cella, North Carolina Department of State on brief) for amicus curiae.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Alta Verde Industries, Inc., Miller Finance Company, Inc., A. Leon Miller, Jr., Kay Carr Miller and A. Leon Miller, III appeal the entry of partial summary judgment for Curtis Waterman in his action seeking rescissionary damages for the unregistered sale of securities under federal and North Carolina law. Waterman cross-appeals from the district court's conclusion that his federal claim was time-barred. We affirm the partial summary judgment in favor of Waterman, thus the cross-appeal is moot.
 
 I.
 
 2
 Alta Verde operates a cattle feeding program whereby it buys cattle on the market and sells them to investors, who pay cash or obtain loans with its affiliate, Miller Finance Company. Alta Verde then sells feed to the investor and cares for the cattle in its feedyards for six or seven months while they fatten. After contacting the investor, Alta Verde sells the cattle and reimburses itself for all amounts due before sending any balance to the investor.
 
 
 3
 Waterman invested approximately $182,000.00 in the Alta Verde cattle feeding program during late 1984 and early 1985. When some of Waterman's cattle became ready for market in June of 1985, the market was depressed and he decided to defer a sale. This decision was based at least in part on the suggestion of an Alta Verde employee that the market would probably be going up. When Waterman's cattle were sold weeks later, he lost his entire investment. He filed suit to recover his investment under federal and state securities laws on October 30, 1985, approximately ten months after his first purchase of cattle.
 
 II.
 
 4
 Section 5 of the Securities Act of 1933, 15 U.S.C.A. Sec. 77e(a) (West 1981), makes it unlawful to sell an unregistered security. Pursuant to section 12 of the Act, any person who sells a security in violation of section 5 is liable for the "consideration paid for such security with interest thereon ... upon the tender of such security, or for damages if he no longer owns the security." 15 U.S.C.A. Sec. 77(1) (West 1981). North Carolina provides a similar remedy. N.C.Gen.Stat. Sec. 78A-56(a) (1985).
 
 
 5
 Waterman sought recovery pursuant to these provisions, asserting that the Alta Verde program constituted the sale of an unregistered, non-exempt security. The district court held that the cattle feeding operation was an investment contract and that the program was not exempt from registration. Although the court found that Waterman's federal action was time-barred, it determined that the North Carolina claim was timely and entered judgment on this cause of action, granting Waterman the return of his investment plus interest and cancellation of the remainder of a note due Miller Finance Company. Defendants assert that the cattle feeding scheme was not an investment contract, and thus not a security, pursuant to the test developed in SEC v. W.J. Howey Co., 328 U.S. 293 (1946).
 
 
 6
 In Howey, the Supreme Court defined an investment contract as a "contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." Id. at 298-99. Defendants contend that genuine issues of material fact exist concerning the degree of control exercised by Waterman over the sale of his cattle. They also assert that if the operation was a security, it was exempt from state and federal registration requirements.
 
 
 7
 The district court carefully examined the cattle feeding operation in holding that the program was a non-exempt security. We agree with the district court's assessment of the scheme and affirm on the sound reasoning of the district court. Waterman v. Alta Verde Industries, Inc., 643 F.Supp. 797 (E.D.N.C.1986).
 
 
 8
 Defendants also assert that Waterman invested in the cattle feeding program solely for a deferred tax advantage and did not expect profits as required by the Howey test. We decline to rule on this issue since it was not properly raised below. United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912, 915 (4th Cir.1976).
 
 
 9
 Waterman cross-appeals from the district court's ruling that his federal securities claim is time-barred by the three-year limitation of section 13 of the 1933 Securities Act, 15 U.S.C.A. Sec. 77m (West 1981). In light of our conclusion that summary judgment was properly entered on the North Carolina claim, the section 13 issue is moot since Waterman is not entitled to double recovery.
 
 
 10
 AFFIRMED.